Robert J. McARDLE, et al., Plaintiffs,

v.

BOMBARDIER ROTAX,
GMBH, Defendant.

No. 3:98CV7421.

United States District Court,
N.D. Ohio,
Western Division.

Dec. 4, 2001.

Barbara S. Dudda, Kroncke, D'Arcangelo, Sutter & Fure, Toledo, OH, David I. Katzman, Schaden, Katzman, Lampert & McClune, John D. McClune, Schaden, Katzman, Lampert & McClune, Troy, MI, William G. Kroncke, Kroncke, D'Arcangelo, Sutter & Fure, Toledo, OH, for Robert J. McArdle, Diane T. McArdle, Plaintiffs.

Cash H. Mischka, Ulmer & Berne, Kenneth A. Bravo, Ulmer & Berne, Thomas E. Dover, Gallagher, Sharp, Fulton & Norman, Thomas J. Kaiser, City of Cleveland, Department of Law, Cleveland, OH, Gregory A. Harrison, Dinsmore & Shohl, Cincinnati, OH, for Bombardier, Inc., Bombardier Recreational Products, Kolb Aircraft, Inc., Bombardier Rotax, GMBH, Defendants.

## ORDER

CARR, District Judge.

This is a civil case in which, following a hung jury, the defendant filed supplemental responses to interrogatories, which identified additional witnesses, and a motion for leave to reopen discovery, which seeks to have an airplane engine, which plaintiff claims was defective, retested. Those motions were denied. Defendant now has filed a motion to reconsider that denial.

In the reconsideration motion, defendant contends that I erred in one of my fundamental factual premises: namely, that the course of discovery and trial had been delayed, and rendered substantially more expensive, by the defendant's identification, as its Rule 30 witness, a resident of Austria whom it declined to cause to travel to the United States to be deposed.

In part, the defendant is correct—my assumption that letters rotatory had issued, and a deposition had occurred in Austria was in error. Though a lengthy continuance had been granted at the parties' request to enable such letters to issue and deposition to occur, plaintiff had declined to depose that witness.

That assumption was, however, also in crucial part correct: namely, the trial had been postponed to enable discovery overseas. During that period, had defendant chosen to do so (as it seeks to do now), it could have

identified the two witnesses whom it now has identified. One of those witnesses lives in Florida, and thus was more readily accessible to the plaintiff. The other witness resides in Austria, and is, according to defendant's representations, unable to travel. Defendant states, however, that it will make that witness available by videoconference, if such can be arranged. No similar offer was made with regard to the former Rule 30 witness.

Defendant's request is sort of a reverse bait and switch. After having successfully made it inconvenient for plaintiff to depose its former Rule 30 witness, defendant now, when it suits its own needs, is willing to be accommodating. I decline to endorse its change in attitude—defendant had plenty of time to be accommodating when it became apparent that plaintiff would not be going to Austria to depose the witness there.

I understand, of course, that defendant may have felt no inclination, and certainly was obligated in law to feel none, to be accommodating. But its reasons for not being so, as good and sensible as they may have been, do not entitle it now to offer new witnesses, and a new means of procuring the deposition of one of them, simply because those reasons, to use Watergate-era terminology, have "at this point in time" become "inoperative."

The decision to strike the supplemental responses to interrogatories shall be reconfirmed, rather than reversed on reconsideration.

■ With regard to the motion to reopen discovery to allow additional testing, I agree with the plaintiff that the effect of granting this motion would be new rounds of testing, expert analysis, and further delay in a case that has been pending for more than three years. The decision to deny the motion to reopen discovery shall likewise be confirmed.

It is, therefore,

ORDERED THAT defendant's motion for reconsideration be, and the same hereby is denied.

So ordered.